HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBORAH ELLIS,

   Plaintiff,

   v.

BANK OF AMERICA, et al.,

   Defendants.

CASE NO. C12-2059RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on two motions to dismiss Plaintiff Deborah Ellis's complaint. The court finds oral argument unnecessary. For the reasons stated herein, the court GRANTS the motions (Dkt. ## 7, 8) in part and DENIES them in part. For the reasons stated herein, the court dismisses all but one of Ms. Ellis's claims with prejudice, but does not preclude her from bringing claims if she were to establish an actual controversy between her and the defendants regarding the deeds of trust securing her home and the promissory notes that the deeds of trust secure. The court dismisses her claim for verification of the parties who have legal rights in the deeds of trust and notes without prejudice, but without leave to amend.

ORDER – 1

## II. BACKGROUND

Deborah Ellis owns a home in Lynnwood, Washington. The court takes judicial notice of two recorded deeds of trust securing that property. The first, which Ms. Ellis and her husband executed in August 2005, secures a loan of $233,000[1] from Countrywide Bank. The second deed of trust indicates that Ms. Ellis alone borrowed $63,000 from Countrywide in May 2006, establishing a home equity line of credit. The promissory notes documenting the loans are not part of the record.

Both deeds of trust name Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, but explain that MERS "act[s] solely as the nominee" for Countrywide Bank and its "successors and assigns."

Countrywide Bank no longer exists, as Ms. Ellis seems to understand. The court takes judicial notice of two recorded documents purporting to assign the aforementioned deeds of trust from Countrywide to Bank of America, N.A. In the first, dated in January 2012, MERS purports to assign Countrywide's interest in the deed of trust securing the $233,000 loan to Bank of America. In the second, dated in July 2012, MERS purports to assign Countrywide's interest in the deed of trust securing the $63,000 home equity loan to Bank of America.

Ms. Ellis, who is appearing without a lawyer, sued Bank of America, Countrywide Home Loans, MERS, and Ocwen Loan Servicing, LLC ("Ocwen") in Snohomish County Superior Court. Her complaint is difficult to follow. She acknowledges only the larger of her two loans and is confused as to the date on which she took out that loan. She does not explain what Ocwen's role is, other than to note that Ocwen, like the other defendants, claims some legal right arising from her deed of trust. She claims that Bank of America is trying to foreclose on her home, but she offers no allegations that lend plausibility to that accusation. There is no allegation, for example, that any defendant has declared her in default on a loan, issued her a notice of trustee's sale, or taken any other

---

[1] The court uses round numbers throughout this order.

ORDER – 2

act consistent with an attempt to foreclose.  Ocwen declares in its motion to dismiss that no foreclosure proceeding has begun, and Ms. Ellis does not dispute the assertion.

Ms. Ellis asks the court to order the defendants to prove what legal rights they have in her loan, and to produce the original note embodying that loan.  She also asks for $350,000 in damages, costs and attorney fees, and "satisfaction of loan."  She does not, however, explain what legal basis she has to request this relief.  Her complaint cites the Federal Rules of Civil Procedure, the Federal Rules of Evidence, various sections of the Uniform Commercial Code, and two sections of the Fair Debt Collections Practices Act ("FDCPA").  It does not, however, explain how those laws apply, or how they give her a right to the relief she is seeking.

Ocwen, with the consent of MERS and Bank of America, removed the case to this court.  The only basis it stated for removal was that Ms. Ellis had stated a claim arising under federal law.  *See* 28 U.S.C. § 1331.

Ocwen filed a motion to dismiss this action for failure to state a claim, and MERS and Bank of America jointly filed their own motion to dismiss.  The court now considers both motions.

### III.  ANALYSIS

Defendants invoke Fed. R. Civ. P. 12(b)(6), which permits a court to dismiss a complaint for failure to state a claim.  The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from its allegations.  *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).  The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).  If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief.  *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume

ORDER – 3

their veracity and then determine whether they plausibly give rise to an entitlement to relief."). The court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

      With one possible exception, Ms. Ellis has not plausibly stated a claim. To begin, she has not stated any claim arising under federal law. As noted, she merely cited two sections of the FDCPA: 15 U.S.C. § 1692g and 15 U.S.C. §1692k. Both sections apply only to debt collectors, and there is nothing in Ms. Ellis's complaint (or in her response to the motions to dismiss) that plausibly alleges that anyone she sued is acting as a debt collector. Even if she had, there is nothing in her complaint (or in her response to the motions to dismiss) that plausibly explains how the defendants violated the FDCPA. Ms. Ellis asks the court to construe her pleadings liberally, in light of her status as a pro se plaintiff. But even the most liberal construction of her complaint would not give rise to an FDCPA claim or a reasonable belief that she could state an FDCPA claim if given leave to amend her complaint.

      The FDCPA claim is the only claim within this court's original jurisdiction. All of her remaining claims arise (if at all) under Washington law. The court can exercise supplemental jurisdiction over those claims, but may also decline to do so where it has dismissed the claims over which it has original jurisdiction. 28 U.S.C. § 1367.

      The court exercises supplemental jurisdiction in two respects. First, it concludes that Ms. Ellis has not plausibly alleged a claim arising under Washington's version of the Uniform Commercial Code, a claim for damages, or a claim for "satisfaction" of her loan. There is nothing in the complaint that gives rise to a plausible conclusion that anyone has violated any of the statutes she cites, that Ms. Ellis has suffered any damages

ORDER – 4

as a result of defendants' conduct, or that she has any right to a declaration that she has satisfied the obligations of her note. Ms. Ellis has not asked for leave to amend her complaint, but nothing before the court suggests she could amend these defects if the court gave her leave to do so.

Second, the court exercises supplemental jurisdiction to conclude that it cannot dismiss *with prejudice* Ms. Ellis's claim for verification of who holds her note and who serves as beneficiary under her deed of trust. The court makes this ruling because although it cannot rule out the possibility that Ms. Ellis could state some claim arising under Washington law, it can conclude that she has not stated a live controversy sufficient to maintain a case in federal court. The court now explains that conclusion.

As defendants are aware, the Washington Supreme Court has held that MERS cannot act as the beneficiary of a Washington deed of trust unless it holds the note or other debt instrument that the deed of trust secures. *Bain v. Metro. Mortgage Group, Inc.*, 285 P.3d 34, 47 (Wash. 2012). It is plausible, therefore, that MERS had no authority to assign Countrywide's interest in Ms. Ellis's deeds of trust to Bank of America. Ms. Ellis should not misconstrue the court's acknowledgement of that possibility as a suggestion that MERS actually lacked authority. The *Bain* court did not render MERS powerless to act on behalf of beneficiaries of deeds of trust, it simply declared that MERS itself could not act as the beneficiary or on a beneficiary's behalf except in limited circumstances. *See id.* at 45-46 (acknowledging possibility that MERS could act as an agent for lenders). The possibility that Bank of America is not the holder of her note or the beneficiary of her deed of trust does not mean that either of those instruments is void. *See Bain*, 285 P.3d at 47-49 (declining to decide the legal effect where MERS unlawfully acts as a beneficiary of a deed of trust). It might impact MERS's authority to assign the deed of trust, but it does not release Ms. Ellis from her obligations under that deed.

ORDER – 5

Because it is possible that recorded documents inaccurately reflect who holds the notes and deeds of trust, Ms. Ellis may have a claim (akin to a quiet title claim) to clarify who the holder is. The court reaches no conclusion on that issue, however, because Ms. Ellis has not established a live controversy over who holds her notes and deeds of trust. *Cf. Knecht v. Fid. Nat'l Title Ins. Co.*, No. C12-1575RAJ, 2013 U.S. Dist. LEXIS 42806, at *9-12 (W.D. Wash. Mar. 11, 2013) (noting that proof that a deed of trust beneficiary owns the underlying promissory note is a mandatory prerequisite of a non-judicial foreclosure, and suggesting that defendants "retire the reductive 'show-me-the-note' meme"). So far as Ms. Ellis has disclosed, no one has declared her in default, and no one has attempted to foreclose on her home. Indeed, there are no allegations that anyone has taken any action adverse to her with respect to her deeds of trust or notes. To the extent that she believes she has a legal right, absent a controversy, to demand verification of who holds her note or who serves as the beneficiary on her deed of trust, she is mistaken, at least in federal court. A federal court is empowered only to decide actual controversies. Whether a Washington court would recognize a right to demand verification in these circumstances, the court need not decide. As the court has noted, Ms. Ellis has not asked for leave to amend her complaint, but the court could permit her to file an amended complaint to determine if she could state an actual controversy sufficient to support a quiet-title-like claim. But even if the court were to do so, and even if Ms. Ellis succeeded, a Washington court should decide whether Washington law supports a quiet-title-like claim in these circumstances. Put another way, even if Ms. Ellis could state a live controversy, it would arise under state law, and the court would decline to exercise supplemental jurisdiction over it.

Before concluding, the court attempts to address Ms. Ellis's complaint in layperson's terms, without reference to the legal doctrines underlying the court's decision today. Ms. Ellis must recognize that her complaint is exceedingly difficult to understand.

ORDER – 6

Basic factual allegations are either missing or muddled.  She refers to promissory notes and loans, but does not include copies of any of the documents.  Ms. Ellis addresses only one of the two deeds of trust securing her home, and does so by misidentifying its date and other key facts.  Ms. Ellis cites many laws, but without a better explanation of the facts, no court could determine if the laws she cites actually apply to her circumstances.  What Ms. Ellis has done is to demand that the defendants verify their legal rights under at least one deed of trust.  It is possible that she has the right to do so, but in federal court, she cannot do so unless there is a current dispute arising out of the deed as trust.  As nearly as the court can tell from Ms. Ellis's complaint and her response to the motions to dismiss, there is no current dispute.  It is possible that there is a dispute, and Ms. Ellis has simply failed to disclose it.  It is possible that a dispute will arise later.  For example, someone might try to foreclose on her home or take some other adverse action against her.  But as nearly as the court can tell, nothing has happened yet that would allow the court to consider taking action.  It is possible that a state court would recognize a right to demand verification of the defendants' legal rights in her deeds of trust, but a federal court cannot do so unless there is a current dispute.  A mere demand that defendants prove their legal status with respect to the deeds of trust does not suffice in federal court.  And because Ms. Ellis insisted on invoking federal law in her complaint, she gave the defendants the right to remove her case from state court to federal court.

     The court cautions Ms. Ellis that it neither encourages her to nor discourages her from continuing to pursue legal action against these defendants.  If she chooses to do so, however, she must do a substantially better job explaining why she is suing and what these defendants have done to her.  It is highly unlikely that any court will be able to grant her relief if she continues to use the same approach she has used in this lawsuit.  The court sympathizes with the difficulties facing a pro se litigant, but a court cannot make her case (if she has one) for her.

ORDER – 7

## IV.  CONCLUSION

For the reasons previously stated, the court GRANTS in part and DENIES in part defendants' motions to dismiss.  Dkt. ## 7, 8.  With one exception, the court dismisses all of Ms. Ellis's claims with prejudice, but does so without prohibiting Ms. Ellis from asserting claims based upon a live controversy that arose after she filed her complaint. With respect to Ms. Ellis's quiet-title-like claim to determine defendants' legal rights in her deed of trust, the court dismisses her complaint without prejudice, but without leave to amend in federal court.

The clerk shall enter judgment for defendants in accordance with this order.

DATED this 15th day of May, 2013.

*[signature]*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 8